FINAL REPORT[1]


*New Pa.Rs.Crim.P. 626 and 627, Amendments to Pa.Rs.Crim.P. 631, 632, and 647,*
*Revision to the* Comment *to Pa.R.Crim.P. 646, and Renumbering of Pa.R.Crim.P. 630*

### PERSONAL ELECTRONIC DEVICES IN THE COURTROOM
### BY JURORS

___

On July 7, 2015, effective October 1, 2015, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rules of Criminal Procedure 626 (Preliminary Instructions to Prospective Jurors) and 627 (Sanctions for Use of Prohibited Electronic Devices), amended Rules 631 (Examination and Challenges of Trial Jurors), 632 (Juror Information Questionnaire) and 647 (Request for Instructions, Charge to the Jury, and Preliminary Instructions), revised the *Comment* to Rule 646 (Material Permitted in Possession of the Jury), and renumbered Rule 630 (Juror Qualification Form, Lists of Trial Jurors, and Challenge to the Array) to Rule 625 to provide for instructions to prospective and selected jurors concerning the use of personal communications devices during their service. These rule changes had been proposed in conjunction with a similar package of rule changes proposed by the Civil Procedural Rule Committee.[2]

The increased use of personal electronic devices, often with Internet access, such as the iPhone and iPad, has raised new issues regarding their use in the courtroom. In 2010, the Court wrote to the chairs of the Civil Procedural Rules Committee and the Criminal Procedural Rules Committee alerting the Committees to a number of complaints about problems arising from jurors' inappropriate use of electronic

___

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

[2] The changes to the Rules of Civil Procedures that the Court has adopted contemporaneously with these changes created new Civil Rules 220.1 and 220.2, amended and renumbered current Civil Rule 220.1, and amended current Civil Rule 223.1.

devices during their service as jurors. The Court directed both Committees to consider whether any rule changes were warranted to address these problems. As a result, a Joint Subcommittee of the Civil and Criminal Rules Committees was formed to examine the issues that have arisen and determine if any procedural rules changes are needed to address these issues.[3] A major part of the Joint Subcommittee examination of these issues was the use of this technology by jurors. Both Committees approved the recommendations of the Joint Subcommittee for publication, which was accomplished on January 21, 2012.[4]

The problems that arise with juror use of these devices are two-fold. The first danger is that a juror will use the device to conduct independent research during a trial. The second problem is the use of these devices to communicate with parties outside the courtroom, either by revealing the nature of the deliberations or other information that a juror should not divulge. The Committees concluded that the best way to approach this problem is through specially tailored jury instructions.

Originally, the Criminal Procedural Rules Committee considered a simple elaboration in the juror instruction rules. However, given the ease of access to information that these devices provide, waiting until a juror is actually seated may be too late in the process. This conclusion was coupled with anecdotal reports that some jurors found to have misused these devices, when confronted, expressed surprise that a ban on outside information included "looking things up on the Internet."

The Committee concluded that intervention, in the form of clear instructions, should be at the earliest stage possible. Therefore, the rule changes provide that prospective jurors be advised upon their first interaction with the courts with frequent repetition concerning the prohibited activity. This includes initial instructions when they

---

[3] The Joint Subcommittee was comprised of representatives from both Committees and included a common pleas judge, two prosecutors, and several private practitioners. In addition to juror use of these devices, the Joint Subcommittee also examined the misuse of these devices in the courtroom by others, such as spectators. The Committees concluded that the question of controlling juror usage of these devices involves very different concerns as well as remedies than that of usage by others and therefore, the question has not been addressed in the present rule changes.

[4] *See* 42 *Pa.B*. 380 (January 21, 2012).

first arrive as prospective jurors together with instructions on the juror summons itself. These instructions will be reiterated when they are selected as part of a jury "pool" and finally when they are impaneled jurors. There is also encouragement to the trial judge to issue warnings at recesses to reinforce the restrictions.

The restrictions on jurors prohibit the use of communications devices during court proceedings and in the deliberation room and would also prohibit conducting independent research and discussion of the case outside the deliberation room generally. The jurors are also to receive specific instructions against the use of the Internet by means of cell phone or other electronic device for these prohibited activities.

The Committee concluded that the most logical placement for new criminal rules would be in Chapter 6, Part C, Jury Procedures. In order to provide for sufficient room for the new rules, existing Rule 630 has been renumbered as Rule 625 and the new rules placed after it. The major substantive provisions of these changes are included in a new criminal rule, Rule 626, that describes the type of initial instructions to be given upon a prospective juror's first interaction with the courts and at various stages in the proceedings thereafter. Correlative amendments to Criminal Rule 631 require that these warnings be repeated at the beginning of *voir dire* and amendments to Criminal Rule 647 require the warnings to be repeated at the start of trial.[5]

Another area that the Committee considered was what types of sanctions would be available against jurors who violate this rule. The Committee concluded that the most likely enforcement mechanism would be the contempt of court process with the associated sanctions. However, the Committee wanted to make it clear that the judge has power to confiscate a device that was used to violate the restrictions. Accordingly, new Criminal Rule 627 authorizes the judge to hold someone in contempt for violation of the rules and to confiscate a device that is used to violate the rules.[6]

---

[5] The changes to the Rules of Civil Procedure require similar instructions to be provided civil jurors and mirror the proposed Criminal Rules.

[6] New Criminal Rule 627 also applies to those found in violation of current Rule 112(A) that prohibits recording or broadcasting during a judicial proceeding. As contained in the companion changes to the Rules of Civil Procedures, new Civil Rule 220.2 provides that any person who violates Rule 220.1 may be found in contempt of court and (continued…)

Finally, Rule 632 was amended to correct cross-references to Rule 631 and the *Comment* to Rule 647 was revised to correct the cross-reference to now-Rule 625.

---

(…continued)
sanctioned in accordance with Section 4132 of the Judicial Code. In addition, the trial judge may also sanction a violator as appropriate including confiscation of the electronic device.